IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,    )
    )
    Plaintiff,    )
    )
v.    )    Crim. Action
    )    No. 05-10094-01-WEB
GERARDO VALTIERRA-ROJAS,    )
    )
    Defendant.    )
_____)

**<u>Memorandum and Order</u>**

This matter came before the court on July 11, 2005, for a hearing on the defendant's motion to dismiss the indictment. The court orally denied the motion at the conclusion of the hearing. This written memorandum will supplement the court's oral ruling.

I. *Background*.

Section 1326(a) of Title 8 provides in part that, subject to subsection (b), any alien who has been deported and thereafter is at any time found in the United States, shall be imprisoned not more than 2 years.

Subsection (b)(2) provides in part that notwithstanding subsection (a), in the case of any alien described in subsection (a) whose removal was subsequent to a conviction for commission of any aggravated felony, such alien shall be imprisoned not more than 20 years. Subsection (b)(1) provides that if the removal was subsequent to a felony other than an aggravated felony, the alien shall be imprisoned not more than 10 years.

The defendant is charged with one count of being an alien found unlawfully in the United States after

having been deported subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Doc. 1. Defendant's motion to dismiss argues that his prior felony conviction -- a conviction for involuntary manslaughter under K.S.A. § 21-3442 -- "was not an aggravated felony and his deportation was [therefore] invalid." Doc. 8 at 1. Defendant argues that the non-aggravated character of his prior conviction is made clear by *Leocal v. Ashcroft*, 125 S.Ct. 377 (2004), in which the Supreme Court unanimously determined that a defendant's conviction for DUI and causing serious bodily injury in an accident did not constitute a crime of violence and was not otherwise an "aggravated felony" under the Immigration and Nationality Act.[1] Defendant argues that *Leocal* should be applied retroactively because as a statutory interpretation it does not constitute a change in the law, but rather is an explanation of what the law has always meant. *Citing United States v. Lopez-Ortiz*, 313 F.3d 225 (5th Cir. 2002)).

In its response, the Government argues that the defendant is precluded from challenging the validity of his prior deportation by virtue of 18 U.S.C. § 1326(d), which provides in part that an alien may not challenge the validity of the deportation order unless he shows that: (1) he exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. The Government contends the defendant has failed to address or satisfy any of these elements. It argues the record shows that the defendant voluntarily waived his right to contest the deportation order as well as his right to have it judicially reviewed, such that he cannot meet the first or second elements. It further maintains he has not shown that the order was fundamentally unfair, arguing that

---

[1] *See* 8 U.S.C. § 1101(a)(43) & sub.(F).

2

even if his offense were not considered an aggravated felony, he may well have been deported anyway, noting that the offense resulted in the death of another person and occurred when the defendant had a blood-alcohol level four times the legal limit.

II. *Discussion*.

The defendant has not shown that he exhausted the administrative remedies available for relief against the order of deportation, nor has he shown that he was deprived of the opportunity for judicial review of the order. Accordingly, under Section 1326(d), he cannot now challenge the validity of the prior deportation order.

The court notes that under *Leocal*, the defendant may well be correct that his prior conviction was not an aggravated felony. The Kansas manslaughter statute under which he was convicted does not require a showing of the intentional use of force, and it thus appears to be materially similar to the statute which the Supreme Court found not to be an aggravated felony in *Leocal*. *See Leocal*, 125 S.Ct. at (DUI statute requiring only a showing of negligence does not qualify as crime of violence; the "use of force" required for a crime of violence requires a higher degree of intent than negligent or accidental conduct). Under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), however, the issue of whether the defendant has a prior aggravated felony is only a sentencing factor for the court; it is not an element of the offense that has to be alleged or proven to a jury. Although the reasoning of *Almendarez* is somewhat questionable in light of the Supreme Court's subsequent *Booker and Fanfan* decisions, the *Almendarez* case has not been overruled, and it remains good law. Accordingly, even if the defendant's prior offense is not an aggravated felony, he is not entitled to dismissal of the indictment because he is precluded from challenging the prior deportation order and the Government still may be able to show all the elements of an offense

3

under Section 1326(a).  If the defendant were to be convicted of the essential elements of an offense under

1326(a), and the court were to then determine that his offense was not an aggravated felony,  he would then

be subject to a maximum possible penalty of 10-years imprisonment under § 1326(b)(1),  rather than the

maximum  penalty of 20-years in Section 1326(b)(2).  In any event, however, defendant is not entitled to

dismissal of the indictment.

III.  _Conclusion_.

Defendant's Motion to Dismiss the Indictment (Doc. 8) is DENIED.  IT IS SO ORDERED this

  12th   day of July, 2005, at Wichita, Ks.


s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge