IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                      )<br>                        Plaintiff,        )<br>                                                      )           Crim. Action<br>v.                                                  )           No. 05-10094-01<br>                                                      )<br>GERARDO VALTIERRA-ROJAS,   )<br>                                                      )<br>                        Defendant.    )<br>_____)  | |

**Memorandum and Order**

This matter came before the court on the defendant's objection to the Presentence Report. The court ruled orally on the objection at the sentencing hearing of October 3, 2005. This written memorandum will supplement the court's oral ruling.

The Presentence Report included a 16-level enhancement based on finding that the defendant's prior conviction for Involuntary Manslaughter under Kansas law[1] constitutes a "crime of violence" within the meaning of USSG § 2L1.2. Defendant argues that in *Leocal v. Ashcroft*, 125 S.Ct. 377 (2004), the Supreme Court held that a nearly identical offense was not a crime of violence.[2] *See also United States*

---

[1] The records from this conviction, including the complaint and journal entry, show that the defendant admitted to and was sentenced for the offense of Involuntary Manslaughter While Driving Under the Influence of Alcohol (K.S.A. § 21-3442) rather than the generic offense of Involuntary Manslaughter (K.S.A. § 21-3404). Conviction for that offense required proof of an unintentional killing of a human being committed in the commission of the offense of driving under the influence of alcohol. *See* K.S.A. § 21-3442.

[2] In denying defendant's motion to dismiss the indictment in this case, the court previously noted that due to *Leocal*, a conviction of this type would likely not be considered an aggravated felony (or a crime of violence) for purposes of the Immigration and Nationality Act. But the court also found that

*v. Torres-Ruiz*, 387 F.3d 1179, 1188 (10th Cir. 2004). Defendant further argues that all of the offenses listed as "crimes of violence" in § 2L1.2 contain an element of intentional conduct, and that the listing of "manslaughter" among these crimes should be construed as a reference only to intentional, or voluntary, manslaughter. Defendant therefore objects to the 16-level enhancement.

The Government argues that Tenth Circuit case law finds involuntary manslaughter to be a crime of violence, such that the enhancement is appropriate. It argues the term "manslaughter" in § 2L1.2 unambiguously includes both voluntary and involuntary manslaughter, and it says this conclusion is bolstered by the Tenth Circuit's ruling in *United States v. Salazar*, 2005 WL 2338892 (10th Cir., Sep. 26, 2005). It also contends the U.S. Sentencing Commission was presumably aware of both types of manslaughter -- voluntary and involuntary -- such that its use of the term "manslaughter" should be construed to include both types. Finally, it argues that the rule of lenity does not apply because the provision is not ambiguous, and it points out that the Commission stated that the purpose of its 2003 amendment to § 2L1.2's "crime of violence" definition was to make clear that the enumerated offenses are always classified as crimes of violence, regardless of whether they expressly contain as an element the use or attempted use of physical force against another person. USSG app. C (Vol. II), amend. 658, at 401-02 (Supp. 2003).

*Discussion*.

Under Section 2L1.2,

> "Crime of violence" means any of the following: murder, *manslaughter*, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension

---

defendant was precluded by virtue of 8 U.S.C. § 1326(d) from raising a collateral challenge to the validity of his removal. *Cf. United States v. Rivera-Nevarez*, 418 F.3d 1104 (10th Cir. 2005).

2

> of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

USSG § 2L1.2, comment n.1(B)(iii) (emphasis added).

On its face, it is unclear what the Sentencing Commission meant by the term "manslaughter." It could have intended the term to mean *voluntary* manslaughter, *involuntary* manslaughter, or both. Even assuming it was intended to include both, the provision still presents difficulty because in addition to the federal crime of involuntary manslaughter (18 U.S.C. § 1112) there are any number of state laws defining involuntary manslaughter differently, with varying *mens rea* requirements. It is not clear what the Commission viewed as the essential elements of an involuntary manslaughter conviction within the meaning of this section.

The latter part of the "crime of violence" definition in § 2L1.2 refers to offenses with an element of the "use of physical force against the person of another"-- language which the Supreme Court has said requires a showing of the intentional use of force. *See Leocal, supra*. Although the Sentencing Commission apparently intended its 2003 amendment to "de-couple" this portion of the definition from the crimes listed in the first part, the presence of this more general definition raises some doubt about what the Commission meant by "manslaughter." If "manslaughter" is construed in light of the second part of the definition, and if one considers that the other crimes listed are largely specific intent crimes, one could reasonably conclude that the term "manslaughter" in this context was intended to mean crimes involving intentional conduct (i.e. voluntary manslaughter), or at least that it excludes a state offense that -- although denominated as involuntary manslaughter -- did not require proof that the defendant acted with recklessness or a conscious disregard of substantial risk. *Cf. United States v. Domingo-Ochoa*, 386 F.3d 639, (5th

3

Cir. 2004) (concluding that the reference to "manslaughter" in this guideline referred to offenses requiring proof of at least a reckless state of mind). *See also United States v. Torres-Ruiz*, 387 F.3d 1179 (10th Cir. 2004) (the pre-amendment definition of "crime of violence" in this section incorporated an intent requirement that could not be satisfied by negligent conduct; also noting that the 2003 amendment contained a "slightly reworded, but essentially identical, definition"). Under the circumstances, the court is left to guess at the precise definition of the term.

Although the term could reasonably be construed otherwise, as the government argues, the court concludes the definition in § 2L1.2 is ambiguous as to whether involuntary manslaughter of this type was intended to be counted a "crime of violence." *Cf. United States v. Castro-Rocha*, 323 F.3d 846, 851-51 (10th Cir. 2003) (rule of lenity did not apply where statutory references clarified the meaning of the guideline). *See also United States v. Salazar*, 2005 WL 2338892 (10th Cir., Sep. 26, 2005) (concluding involuntary manslaughter conviction was "crime of violence" under definition in USSG § 4B1.2; noting that this definition includes offenses involving "conduct that presents a serious potential risk of physical injury to another."). This concern is only heightened by the Supreme Court's interpretation in *Leocal*. *See Leocal*, 125 S.Ct. at 383 (the ordinary meaning of the term "crime of violence" cannot be said naturally to include DUI offenses; interpreting "crime of violence" [in 18 U.S.C. § 16] to encompass accidental or negligent conduct "would blur the distinction between the 'violent' crimes Congress sought to distinguish for heightened punishment and other crimes."). Under the circumstances, the court concludes it is appropriate to apply the rule of lenity, and to adopt the lesser guideline in this case. Accordingly, the court finds the defendant's conviction for involuntary manslaughter DUI is not a crime of violence for purposes of Section 2L1.2. Under this ruling, the defendant's guideline range becomes 21-27 months.

The court further finds, however, that it is appropriate in this case to impose a sentence outside of the advisory guideline range.  Although the defendant's prior manslaughter conviction is not counted as a crime of violence, the court concludes that the defendant's extensive history of alcohol-related problems and his DUI's, and his demonstrated propensity for returning to the United States, show there is substantial reason to believe that the defendant's future conduct may again involve similar acts.  The court concludes that this risk -- that the defendant may once again re-enter the United States and commit acts giving rise to a substantial risk of serious injury -- together with the need for adequate punishment and deterrence, warrants a sentence above the applicable guideline range.  Accordingly, after considering all of the circumstances, the court concludes that a sentence of 60 months is appropriate in this case.

The court further finds that a sentence of 60 months would be appropriate, under all of the factors in Section 3553(a), even if the court were to find that the defendant was subject to the enhancement for a crime of violence, and that his guideline range was the 70-87 months listed in the PSR.  After considering the particular nature of the defendant's prior offense, as well as his personal history, the court concludes that a sentence of 60 months is appropriate.  Such a sentence reflects the serious nature of the defendant's history, but also takes into account the unintentional nature of the prior acts and the particular circumstances surrounding that accident.

*Conclusion*.

Defendant's objection to the Presentence Report is GRANTED IN PART to the extent stated above.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this  4th   Day of October, 2005, at Wichita, Ks.


                                        s/Wesley E. Brown
                                        Wesley E. Brown
                                        U.S. Senior District Judge